```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

GRIFFITH J. BECK and
TRACY WHITESIDE,

    Plaintiffs,

v.                                  Civil Action No. 5:14CV47
                                                        (STAMP)
CONSOL ENERGY, INC.

    Defendant and
    Third-Party Plaintiff,

v.

JOHN PENNINGTON,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

I.    Background

    Plaintiffs, Griffith J. Beck ("Beck") and his wife Tracy Whiteside commenced this civil action by filing a complaint in the Circuit Court of Ohio County, West Virginia. The plaintiffs allege that while working as an employee of the defendant, CONSOL Energy, Inc. ("CONSOL"), Beck was physically assaulted at his place of employment located at Enlow Fork Mine in Pennsylvania. On the day of the alleged incident, several of Beck's coworkers, acting under the supervision of foreman, John Pennington, wrestled the plaintiff to the ground and otherwise touched him in an unwanted manner. As a result of the incident, Beck allegedly suffered bodily injury and in his complaint requests damages to cover future medical bills.

The plaintiffs additionally make a claim for loss of spousal consortium and ask for punitive damages. Finally, the plaintiffs allege that as a consequence of his injuries, Beck has been unable to return to work resulting in lost wages. Although the plaintiffs do not specify the amount of damages sought, the defendant, in its amended notice of removal, alleges lost wages totaled $36,663.84.

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, the defendant, removed the action to this Court on April 10, 2014, and thereafter, the defendant filed an amended notice of removal. The plaintiffs then filed a motion to remand, which is now fully briefed and ripe for review. For the reasons stated below, this Court grants the plaintiffs' motion to remand.

## II. Applicable Law

All defendants have a statutory right to remove any civil action brought in state court over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a).

When the plaintiff challenges whether removal is appropriate, the defendant carries the burden of demonstrating the court's jurisdiction over the matter. Strawn v. AT&T Mobility, 530 F.3d 293, 296 (4th Cir. 2008). Federalism concerns compel federal

courts to strictly construe removal jurisdiction. <u>Md. Stadium Auth. v. Ellerbe Becket Inc.</u>, 407 F.3d 255, 260 (4th Cir. 2005). Thus, if federal jurisdiction is doubtful, a remand to state court is necessary. <u>Id.</u> Although the removal statute is to be construed strictly against removal, the court is not required "to leave its common sense behind" when determining the amount in controversy. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When no specific amount of damages is set forth in the complaint, the defendant must prove, by a preponderance of the evidence, that the claim meets the requisite jurisdictional amount. <u>Bartnikowski v. NVR, Inc.</u>, 307 F. App'x 730, 734 (4th Cir. 2009). In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Mullins</u>, 861 F. Supp. 22, 23.

### III. <u>Discussion</u>

The plaintiffs do not contest that complete diversity exists between the parties in this action. The defendant is a Delaware corporation and maintains its corporate headquarters in Washington County, Pennsylvania. The plaintiffs are residents of Belmont County, Ohio. Instead, the plaintiffs challenge whether the amount in controversy is sufficient to reach the jurisdictional prerequisite of $75,000.00, exclusive of interest and costs.

The plaintiffs' complaint does not specify the amount of monetary relief sought. As of the date the defendant filed the amended notice of removal, the defendant calculated the value of lost wages to be $36,663.84. The plaintiffs dispute this assertion, arguing that there may be disability payments or other types of wage replacement that will reduce the amount of wages due. Regardless, for purposes of determining the amount in controversy, this Court relies upon this figure as a starting point. Although this amount is not dispositive of the value of this civil action because it represents only the amount of the disputed lost wages, it does provide some indication of the amount of damages involved, which at this time is shown to be far below the jurisdictional minimum.

First, the defendant notes that the amount of lost wages increases with each passing day and suggests that the potential lost wage claim alone will eventually satisfy the amount in controversy requirement. This argument fails because it is a long-standing principle that the amount in controversy is determined at the time the complaint was filed. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938); see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348 (1961); Chase v. Shop'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). Even using the defendant's figure of $36,663.84, this

number is not sufficient to satisfy the required amount in controversy.

Second, the defendant argues that the amount in controversy exceeds the jurisdictional minimum because the plaintiffs seek a variety of damages beyond lost wages. Specifically, the plaintiffs seek medical bills, punitive damages, and future damages for humiliation, degradation, embarrassment, and severe emotional distress. The defendant contends that the lost wages, combined with the plaintiffs' other alleged damages, are "sufficient in and of themselves" for this Court to determine that the amount in controversy exceeds the jurisdictional minimum.

After careful consideration of the briefs filed in support and in opposition of the plaintiffs' motion to remand, this Court finds that the defendant has not met its burden of proof with regard to the amount in controversy. The defendant's removal cannot be based on speculation. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). Rather, it must be based on facts as they existed at the time of removal. Id. Further, the mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 938 (S.D. W. Va. 1996). Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. The only number the defendant provides is for lost wages, which

total only $36,663.84.  Beyond this, the defendant argues the amount in controversy requirement is satisfied simply because the plaintiffs ask for a variety of damages.  However, "a mere assertion that the amount in controversy exceeds $75,000.00 is insufficient to meet this burden."  White v. Chase Bank USA, NA, No. 2:08-1370, 2009 U.S. Dist. LEXIS 76150, at *2 (S.D. W. Va. Aug. 26, 2009).  Considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum.  Therefore, the plaintiffs' motion to remand must be granted.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand (ECF No. 9) is hereby GRANTED.  This matter is hereby REMANDED to the Circuit Court of Ohio County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED:     June 24, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE